UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SCOTT C. ROBINSON,

Debtor.

---------------------------------------------

RONALD W. WESTPHAL,
FERN L. WESTPHAL,

Appellant,

v. Case No. 06-C-0316

SCOTT C. ROBINSON,
THOMAS J. KING, TRUSTEE,

Appellee.

---

**DECISION AND ORDER**

Ronald and Fern Westphal, creditors of Scott Robinson, are appealing a bankruptcy court order confirming Robinson's Chapter 13 plan over their objection. In light of *In Re Sidebottom*, 430 F.3d 893 (7th Cir. 2005), the confirmation order is reversed and the case is remanded for further action consistent with this opinion.

**PROCEDURAL HISTORY**

Scott C. Robinson filed a Chapter 7 bankruptcy petition, Case No. 05-02257-MDM, scheduling the Westphals as creditors with a $40,000 fixed, liquidated, unsecured claim as of June 2004. Total unsecured claims were scheduled in the amount of $131,764.06. Claims secured in part by Robinson's $76,600 homestead, were scheduled in the amount of $82,734. According to Robinson's Chapter 7 schedules, his net monthly pay was $897.00, after deducting taxes, insurance and child support.

On January 4, 2005, the Westphals moved for relief from the automatic stay pursuant to 11 U.S.C.§ 362(d), to continue their suit, *Westphal v.Robinson*, Fond du Lac County Circuit Court Case No. 03 CV 647. The Westphals asserted that Robinson filed his Chapter 7 petition after an October 6, 2004, jury verdict in their favor and prior to a November 19, 2004, hearing to consider Robinson's motion after verdict and their request for reformation of an easement. Continuing, the Westphals noted that the sole asset in the Chapter 7 case was Robinson's homestead and that relief from the automatic stay had already been granted to permit Washington Mutual Bank to proceed with foreclosure of the property. Relying on those matters, the Westphals asked the bankruptcy court to allow them to preserve their rights under their state court *lis pendens* and to participate in the state foreclosure. Alternatively, they urged the bankruptcy court to grant them relief from the automatic stay to seek entry of the jury verdict in the Fond du Lac County Circuit Court. Relief from the stay was granted on February 16, 2005.

On March 21, 2005, the Westphals filed an adversary proceeding to determine the dischargeability of Robinson's debt. They argued that the debt was the result of willful and malicious misconduct by Robinson and should be excepted from discharge in the Chapter 7 case pursuant to 11 U.S.C. § 523(a)(6).

In mid-August 2005, Robinson and the Westphals agreed that the state court judge should resolve the dischargeability issue. However, on October 11, 2005, Robinson filed a voluntary Chapter 13 petition, Case No. 05-39979-MDM and a sixty-month pot plan. Pursuant to this plan, Robinson would to pay to the trustee twenty dollars weekly and one-half of his tax refunds. From this pot, the trustee would pay his administrative costs, estimated at 6% and other costs, including Robinson's attorney's fees of $1,500. The

balance of the pot payments would be distributed pro rata to creditors, such as the Westphals, holding unsecured claims.

About two weeks later, Circuit Court Judge Robert J. Wirtz entered an order on October 24, 2005, finding Robinson's debt was the result of willful and malicious conduct and that the Circuit Court judgment was a non-dischargeable debt. The bankruptcy court adopted this finding in an order signed on December 13, 2005.

The Westphals filed an objection to confirmation of the Chapter 13 plan on December 5, 2005, arguing that the Chapter 13 petition and plan were filed in bad faith. The bankruptcy court held a hearing on the objection on February 1, 2006. At the hearing, the judge ruled that Robinson filed his Chapter 13 in good faith. In addressing the Westphals' argument that Robinson filed an impermissible, simultaneous Chapter 20,[1] the judge concluded that "[t]he prior chapter 7 slightly overlapped the chapter 13 case, but the chapter 13 case does not interfere with the administration of the chapter 7, and discharge of other debts better enables the debtor to succeed in this case. *C.f. In re Sidebottom*, 430 B.R. [sic] 893 (7th Cir. 2005) (chapter 13 filed before adversary proceeding decided)." (Bankr. App. R. 18).

**DISCUSSION**

The Westphals make two arguments on appeal. First, they submit that Robinson's Chapter 13 should have been dismissed as an impermissible simultaneous Chapter 20 as it was filed while his Chapter 7 was open. The Westphals contend that the bankruptcy judge misinterpreted the Seventh Circuit's holding in *In re Sidebottom*. Second,

[1] This term is used to indicate that a Chapter 13 case was instituted during the pendency of the Chapter 7 case.

they assert that the Chapter 13 case should be dismissed because the petition and the plan were filed in bad faith. In support of these arguments, the Westphals state that Robinson was reasonably sure that the debt at issue would be declared non-dischargeable in his Chapter 7 and, therefore, filed his Chapter 13 when it was clear that their claim would be declared non-dischargeable. The Westphals point out that because the debt arising from the Fond du Lac Circuit Court judgment is the only scheduled unsecured claim in the Chapter 13 case it is apparent that Robinson is attempting to manipulate the bankruptcy system. Finally, they maintain that Robinson's plan lacks fundamental fairness inasmuch as it proposes to pay a small percentage of their claim.

Robinson counters arguing that there was no Chapter 20 problem. He contends that the Chapter 7 trustee had fully administered his liquidation case and had issued a no-asset report before the Chapter 13 case was filed. Further, Robinson asserts that the only reason the Chapter 7 was closed and they did not receive a discharge of their debts before October 2005 was the mislabeling of the cover sheet for the Westphal's adversary proceeding. This document, filed by the Westphal's attorney, indicates that there was an objection to Robinson's general discharge under 11 U.S.C. § 727, and thereby delayed entry of discharge. Robinson further claims that the dischargeability proceeding was resolved on August 15, 2005, even though the order declaring the debt non-dischargeable was not signed until December 13, 2005. Next, Robinson argues that his Chapter 13 plan was filed in good faith because he did not engage in egregious prefiling conduct and fully disclosed his income and expenses. He asserts that the pay out under his Chapter 13 plan is fair, especially given that his Chapter 7 bankruptcy case got

rid of his other unsecured debts so as to enable him to pay a larger sum to the Westphals than possible if he had converted the Chapter 7 to a Chapter 13 case.

The decision in this case is governed by *In re Sidebottom*. In *Sidebottom* the Seventh Circuit first addressed what it termed the "more fundamental question" of "whether Sidebottom was entitled to maintain a Chapter 13 proceeding while a Chapter 7 proceeding involving the same debt was pending." *Id.* at 896.

The courts are spilt into two camps on this question. *Id.* at 897. The majority has adopted a per se prohibition against a debtor having more than one bankruptcy case open at one time. *Id.* The Seventh Circuit states that the majority's view stems from the United States Supreme Court decision in *Freshman v. Atkins*, 269 U.S. 121 (1925) (allowing the debtor's second bankruptcy to remain open only with respect to new debts because the "pendency of the first application [for discharge] precluded a consideration of the second in respect of the same debts"). *Id.* (citation omitted). It states that the Court analogized its disallowance of parallel bankruptcy cases "to the common law plea of 'prior suit pending' which reflected 'the general rule that the law will not tolerate two suits at the same time for the same cause.'" *Id.* (citation omitted). The minority has declined to adopt the per se prohibition of simultaneous Chapter 20 filings. *Id.* at 898.

Similar to the case at bar, the *Sidebottom* court observes that the reason for the minority's view did not help Sidebottom because the minority courts have noted "that *Freshman* stands only for the limited proposition that a debtor may not maintain simultaneous applications relating to the same debts and thus is not wholly barred from maintaining two cases under different chapters of the Code in other situations." *Id*. The court goes on to state that "[r]ather than banning all Chapter 13 filings during the pendency

of a Chapter 7 case, these courts assess the propriety of the Chapter 13 case in light of the good faith standard applicable to confirmations of Chapter 13 plans." *Id.* However, the court adds that even though there is disagreement over the per se prohibition, "there is general agreement that a debtor may not maintain two or more concurrent actions with respect to the same debts." *Id.*

The *Sidebottom* court concluded "the Second Circuit's BAP and the majority of other courts have the better of this debate." *Id.* *See also In re Salem*, 465 F.3d 767, 772 (7th Cir. 2006) (stating that "'[s]imultaneous' Chapter 20 petitions are barred in this Circuit.") (citing *In re Sidebottom*). It held that

> it seems to us that a debt like the Broyleses' claim against Sidebottom that is expressly excluded from a general discharge under Chapter 7 falls within the rule articulated by the *Turner* panel. As *Freshman* might have put it, the effort to litigate the same matter simultaneously in the Chapter 13 proceeding should have been rejected on the grounds of "same matter pending."

Id.

Given the holding in *Sidebottom* which adopts the per se rule prohibiting simultaneous Chapter 20 filings in this circuit, it is clear that appellee's Chapter 13 proceeding cannot stand. Even if this circuit had refrained from adopting the per se prohibition, Robinson's Chapter 13 case would still be dismissed because it involves the Westphal's debt, a debt which had not been discharged in the earlier, open Chapter 7 case. Therefore,

IT IS ORDERED that the Bankruptcy Court's February 1, 2006, order confirming Robinson's Chapter 13 plan is REVERSED.

IT IS FURTHER ORDERED that Bankruptcy Case No. 05-39979-MDM is REMANDED for resolution consistent with this decision.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE